UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:05-CR-00085-LRH-WGC |
| v. | ORDER |
| JAMES WILLIAM LONDO, | |
| Defendant. | |

Before the court is defendant James Londo's Motion to Vacate under 28 U.S.C. § 2255 (#343). The United States of America has responded (#349) following the court's order directing a response, and Londo has replied (#352).

**I.     Facts and Procedural History**

Londo was convicted by a jury on August 5, 2008, of conspiracy with intent to distribute methamphetamines. Londo had originally pleaded guilty, but he fought a two-year battle to withdraw his guilty plea in order to present evidence of sentencing entrapment at trial. He was unsuccessful: the court sentenced Londo to a twenty-year mandatory minimum, and the period of direct review terminated on October 4, 2010. On August 23, 2012, Londo moved to vacate, set aside, or correct his sentence under § 2255.

\\

\\

**II.     Discussion**

Londo bases his motion on an ineffective-assistance-of-counsel claim, in which he alleges that his trial counsel failed to inform him of a plea offer by the government in July 2008. He brought his motion more than one year after his judgment of conviction became final. *Clay v. United States*, 537 U.S. 522, 525 (2003). Accordingly, Londo's motion would normally be time-barred under § 2255(f). However, Londo asks for relief from § 2255's one-year statute of limitations by asserting that the right on which he relies—a right of the accused to have plea agreements communicated to him by his counsel, *Missouri v. Frye*, 132 S. Ct. 1399 (2012)—is "newly recognized" and was "made retroactive to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Londo is incorrect. "[N]either *Cooper* nor *Frye* announced a new rule of constitutional law." *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (citing *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012)). Rather, *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington,* 466 U.S. 668, 686 (1984)." *Buenrostro*, 697 F.3d at 1140. Furthermore, the Supreme Court itself emphasized that it was merely applying *Strickland* in *Frye*, not breaking new ground. *Id*. See also *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879-80 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Since Londo has had an opportunity to respond, dismissal on the grounds of untimeliness is appropriate. *Day v. McDonogh*, 547 U.S. 198, 210 (2006).

\\
\\
\\
\\
\\
\\

IT IS THEREFORE ORDERED that Londo's Motion to Vacate under 28 U.S.C. § 2255 (#343) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE